## MARSH *v.* STATE.

### Opinion delivered October 2, 1916.

LIQUOR—ILLEGAL SALE—ACTS OF DEFENDANT.—Where the evidence adduced by the defendant, at a trial for the illegal sale of liquor, showed that he entered the store where it was alleged that the illegal sales occurred, merely to take charge of the money taken in by sales of goods there, an instruction that he would be guilty of assisting in the illegal sale of liquor under Act 30, Acts of 1915, if he assisted the "parties in carrying on said business by *checking* up the cash received

in said business," is erroneous and prejudicial, since merely checking up the cash received was not assisting in making sales. *Semble* Defendant would be guilty under said act if in checking up the cash, he also checked up the sales of liquor made, for which the cash was received, to verify the accuracy of the cash on hand, and thereby exercising a supervision over the business.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*C. Floyd Huff*, for appellant.

1. Defendant was not formally arraigned and did not waive nor enter a plea of guilty.

2. The court erred in admitting the testimony of Holt, Jordon, Bryant and Ed. Goff, as to conversations in the absence of defendant. There was no evidence to show a sale of liquor by defendant, or that he was interested in the sale thereof.

3. The court erred in its charge to the jury. There was no evidence upon which to base those given. Those refused correctly declare the law.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1. There was no prejudicial error in failure to formally arraign defendant; he waived by announcing ready for trial. 55 Ark. 342; 72 *Id.* 145; 86 *Id.* 362.

2. There was no error in the admission of testimony. Besides it was not prejudicial. Defendant's objection was not insisted on, nor were exceptions saved.

3. The instructions were correct. The evidence fully sustains the verdict. 109 Ark. 130; *Ib.* 138.

WOOD, J. Appellant was convicted of the crime of selling liquor in violation of Act 30 of the Acts of 1915. It could serve no useful purpose to set out the testimony upon which the State relies for conviction, nor upon which the appellant relies to establish his innocence. There was evidence to sustain the verdict.

It was contended by the State that appellant was engaged in the unlawful sale of intoxicating liquor at a certain building in the City of Hot Springs; that one Walter Wheatley was the partner of appellant, and that

the sales were made by him and others in their employ, and that appellant was interested in these sales. It was shown on behalf of appellant that the firm of T. T. Marsh & Company, a corporation, consisting of himself, his wife and brother, had been in the whiskey business at the place designated for three years prior to the 31st of December, 1915, and that appellant went out of the business on that day and had nothing further to do with it, had no further interest in it; that Walter Wheatley from that time on occupied the premises under lease. Wheatley was appellant's brother-in-law. Wheatley and his son, Bettis, conducted the business at the building designated and a man by the name of Franklin was employed by Wheatley to work there.

Franklin testified that Wheatley and his son went away. Wheatley left him at work there, and he supposed that Wheatley still had charge of it. He was asked what connection, if any, Marsh, appellant, had with the place, whether he assumed any authority or control over the place or gave any orders after Wheatley and his sons left, and while witness was at work there; and he answered: "I went to work there two weeks ago. T. T. Marsh has charge while Mr. Wheatley is away. Mr. Wheatley pays my salary. Mr. Marsh comes over and checks up the cash register and takes the change." That is the reason witness thought Marsh had charge. "He came and got the change and I just supposed you would call it "charge." I don't know what else. He did this two nights that Bettis wasn't there. Bettis took it when he was there."

Appellant testified concerning this as follows:

"When Bettis Wheatley left, he told me to take up the cash until he came back, and give it to his mother, and I took it up twice and took the money out and gave it to her." He further stated that he never at any time since the first of January exercised any authority or ownership, or employed anybody or had anything to do with the place where it was charged that whiskey was sold.

Among other instructions the court gave the following: "If you believe from the evidence beyond a

reasonable doubt that Walter Wheatley and Bettis Wheatley or Tom Franklin since the 1st of January, 1916, were engaged in the business of selling any of the liquors mentioned in the indictment in Garland County, or in carrying on said business said liquors were continually sold, and you further believe from the evidence beyond a reasonable doubt that defendant knew such business was being carried on and said liquors were being sold and with such knowledge went to the place where said business was being carried on and while said business was being carried on and liquors sold, assisted said parties in carrying on said business by checking up the cash received in said business, you should convict him."

The appellant contends that the ruling of the court in giving this instruction was erroneous.

Now, one of the definitions of the word "check" given by Mr. Webster is "to verify, to guard, to examine the work of a person for this purpose, as to check an account, to check off a list, to compare with an original or a counter-part in order to secure accuracy or to indicate correctness." The court used the word "check" in the instruction in the above sense, for the instruction assumes that if appellant checked up the cash he was in this manner assisting in conducting the business. This instruction, in view of the evidence on behalf of the appellant, was misleading and prejudicial, because appellant introduced testimony which would have warranted a finding that appellant did nothing more than take the money from the cash drawer as the agent or messenger for his sister. If this was all that appellant did, then he would not be guilty of assisting in the sale. If appellant acted simply as an intermediary for the purpose of receiving the cash and taking the same to his sister, as the testimony on the part of appellant tended to show, then he would not be assisting in the sale of liquor. On the other hand, if the appellant had the authority to make comparison of the cash on hand with the sales, and to verify the accuracy of the accounts as shown by the cash register and the sales that had been made, then he would be assisting in the sale.

The vice of the instruction is that it assumes that the witness used the words "check up the cash" in the sense of making the necessary comparisons to verify the accuracy of the cash on hand with the daily sales that had been made of liquor; whereas the witness for the State explained that he supposed by taking up the cash that the appellant had charge, and the testimony of the appellant himself tends to show that he did nothing more than simply take up the cash at the request of his sister. The court used the word "check" as if it had only one meaning, implying some authority and supervision on the part of the appellant over the business; whereas, according to the testimony the word "check" did not necessarily imply that appellant had any control or interest in the business. The court should have explained to the jury the sense in which the word "check" was used; and instead of assuming that appellant assisted in the sale if he checked up the cash, the court should have submitted it to the jury to determine as to whether or not appellant's conduct in the particulars enumerated constituted an assistance in the sale, and instructed them that if they so found they should convict. The testimony was proper to be considered by the jury as a circumstance in determining whether or not appellant was guilty of the crime charged, but it was not correct to tell the jury as a matter of law, under the evidence adduced, that if appellant checked up the cash he was guilty.

The assignments of error in regard to the rulings of the court in the admission of testimony, and the giving and refusing of other prayers for instructions, have been considered, but it is unnecessary to discuss in detail these rulings. We find no reversible error in any of them. But for the error indicated the judgment must be reversed and the cause remanded for a new trial.

KIRBY, J., dissenting.